***********
The Full Commission reviewed the prior Opinion and Award based upon the record of the proceedings before Deputy Commissioner Baddour and the briefs and oral arguments before the Full Commission. The appealing party has not shown good ground to reconsider the evidence; receive further evidence; rehear the parties or their representatives; or amend the Opinion and Award, except for minor modifications. Accordingly, the Full Commission affirms the Opinion and Award of Deputy Commissioner Baddour, with modifications.
 ***********
Defendants raised two principal matters upon appeal from the Deputy Commissioner: (1) whether plaintiff proved a compensable injury and, (2) whether attorney's fees should have been awarded pursuant to N.C. Gen. Stat. § 97-88.1. The Full Commission has determined that plaintiff did prove a compensable injury and that attorney's fees should not be awarded pursuant to N.C. Gen. Stat. § 97-88.1. However, plaintiff is entitled to an award of attorney's fees pursuant to N.C. Gen. Stat. § 97-88.
 ***********
The Full Commission finds as fact and concludes as matters of law the following, which were entered by the parties as:
 STIPULATIONS
1. The parties are subject to and bound by the provisions of the North Carolina Workers' Compensation Act.
2. The Travelers is the carrier on the risk.
3. An employment relationship existed between the parties at all relevant times.
4. Plaintiff's average weekly wage was $656.00, yielding a compensation rate of $437.55.
5. Plaintiff is seeking compensation for temporary total disability from October 20, 2000, through May 7, 2001, with a credit to the defendants for short-term disability payments paid to plaintiff through a company-funded disability policy, permanent partial disability compensation, and medical compensation, if necessary.
6. Plaintiff was employed by the defendant-employer at the time of hearing before the Deputy Commissioner.
7. Plaintiff's medical records were stipulated into evidence with the doctors' depositions.
 ***********
Based upon all of the competent evidence of record and reasonable inferences flowing therefrom, the Full Commission makes the following:
 FINDINGS OF FACT
1. At the time of the hearing before the Deputy Commissioner, plaintiff was age 46, and had a tenth grade education.
2. Defendant-employer, Bestfoods Baking Company, produces bread for distribution throughout the Southeast.
3. On October 19, 2000, plaintiff was employed by Bestfoods in the maintenance department. Plaintiff had worked in this position for almost seventeen years.
4. On October 19, 2000, at approximately 1:00 p.m., a gearbox on the No. 2 dough mixing bowl malfunctioned and required repairs. The plaintiff assisted Chester Miller, his supervisor and chief engineer, in making the repairs. To remove and repair the gearbox, the plaintiff and Mr. Miller first had to pry open the mixer door and extract approximately 2000 pounds of dough from the mixer. Plaintiff and Mr. Miller used pry bars to open the door.
5. Plaintiff was required to exert his full weight and full strength in using the pry bar.
6. Plaintiff felt stinging and burning in his lower back during and following the removal of the door, but "thought it would go away" because prior pulled muscles in his back had resolved without medical attention. Plaintiff continued to experience the stinging and burning sensation at the time he left work around 3:00 p.m.
7. Plaintiff was scheduled to return to work at 3:00 a.m. the following morning. He went to bed around 6:30 or 7:00 p.m., but awoke around midnight unable to get out of bed and feeling severe stabbing pain in his back. Plaintiff called Robert Holt, the supervisor on duty at the time, and informed him that he could not report to work due to the work-related injury.
8. The next day, October 20, 2000, plaintiff presented to Dr. Todd S. Hansen, his family doctor. Dr. Hansen testified that plaintiff reported a work-related incident the day before that involved the use of pry bars and resulted in sharp stabbing back pain. Dr. Hansen examined plaintiff and noted that he had a severe limp, paraspinal muscle spasms, and positive straight leg raising tests, which indicated a back injury. Dr. Hansen wrote in his medical note from October 20, 2000, that plaintiff's symptoms were the result of an apparent work-related injury.
9. Later that day, plaintiff called his supervisor, Chester Miller, and reported that the pain in his back he experienced the day before while working on the No. 2 mixer with Mr. Miller turned out to be an injury more serious than he at first thought.
10. Dr. Hansen referred plaintiff to physical therapy, but his condition did not improve. Dr. Hansen then referred plaintiff to Dr. Doute for cortisone injections. After two to three months of no significant improvement, Dr. Doute referred plaintiff to Dr. Steven K. Gudeman, a neurosurgeon. After additional testing, Dr. Gudeman determined that plaintiff was not a surgical candidate and diagnosed him with chronic low back pain.
11. On May 7, 2001, Dr. Gudeman released plaintiff to return to regular-duty work without restrictions. Plaintiff returned to regular-duty work with defendant-employer at his pre-injury wages.
12. By reason of his compensable injury, plaintiff was unable to earn any wages from October 20, 2000, the day after the incident at work, until May 7, 2001, when he was released and thereafter returned to regular-duty work. As of the date of the hearing, plaintiff testified that he was able to do his job, although he experiences frequent pain in his back.
13. Plaintiff has reached maximum medical improvement and was assigned a five percent (5%) impairment rating to the back by Dr. Gudeman.
14. Dr. Hansen testified, and the Full Commission so finds, that plaintiff's back condition is causally related to the incident at work on October 19, 2000.
15. Dr. Gudeman testified, and the Full Commission so finds, that plaintiff's back condition resulted from an aggravation of plaintiff's lumbar degenerative disc disease and that said aggravation was caused by the incident at work on October 19, 2000.
16. Plaintiff received disability benefits through an employer-funded disability policy.
17. Defendants' defense of this claim was not without reasonable grounds.
18. The appeal to the Full Commission was brought by the insurer and the Commission by this decision orders the insurer to make, or to continue, payments of benefits, including compensation for medical expenses, to the injured employee. Therefore, pursuant to N.C. Gen. Stat. § 97-88, the Full Commission may award attorneys fees to plaintiff to be taxed as part of the bill of costs. The Full Commission finds that reasonable attorney fees to be reimbursed to plaintiff by reason of the appeal would be $1,500.00.
19. Exhibits attached to the deposition of Robert L. Dunaway show that plaintiff received $5,661.36 in benefits net of taxes pursuant to an employer funded disability plan.
 ***********
Based upon the foregoing stipulations and findings of fact, the Full Commission reaches the following:
 CONCLUSIONS OF LAW
1. Plaintiff sustained an injury by specific traumatic incident arising out of and in the course of his employment on October 19, 2000. N.C. Gen. Stat. § 97-2(6).
2. As a result of this compensable injury, plaintiff is entitled to temporary total disability compensation at the rate of $437.55 per week for the period from October 20, 2000, through and including May 7, 2001. N.C. Gen. Stat. § 97-29.
3. Plaintiff is entitled to permanent partial disability compensation at the rate of $437.55 per week for fifteen (15) weeks, as a result of the five percent (5%) rating to the back. N.C. Gen. Stat. § 97-31.
4. Plaintiff is entitled to payment of medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability. N.C. Gen. Stat. §§ 97-2(19); and97-25.
5. The appeal to the Full Commission was brought by the insurer and the Commission by this decision orders the insurer to make, or to continue, payments of benefits, including compensation for medical expenses, to the injured employee. Therefore, pursuant to N.C. Gen. Stat. § 97-88, the Full Commission may award attorneys fees to plaintiff to be taxed as part of the bill of costs. N.C. Gen. Stat. § 97-88.
6. Defendants are entitled to a credit of $5,032.32 for the employer-funded disability plan payments (net of taxes) received by plaintiff for the period in which he is entitled to temporary total disability compensation. N.C. Gen. Stat. § 97-42.
 ***********
Based upon the foregoing findings of fact and conclusions of law, the Full Commission enters the following:
 AWARD
1. Subject to the attorney fee set forth below and to the credit set forth below, defendants shall pay temporary total disability compensation to plaintiff at the rate of $437.55 per week for the period from October 20, 2000, through and including May 7, 2001. Because this compensation has accrued, it shall be paid in a lump sum as set forth below.
2. Subject to the attorney fee set forth below, defendants shall pay permanent partial disability compensation to plaintiff at the rate of $437.55 per week for fifteen (15) weeks for the 5% rating. This amount has accrued and shall be paid in a lump sum. The $6,563.25 shall bear interest at 8 percent per year from April 26, 2002 until paid. Defendants shall pay all of the interest to plaintiff. Defendants shall pay $4,922.44 of the $6,563.25 to plaintiff and shall pay $1,640.81 directly to plaintiff's attorney.
3. Defendants shall pay for medical expenses incurred or to be incurred as a result of the compensable injury as may reasonably be required to effect a cure, provide relief, or lessen the period of disability.
4. Defendants shall pay to plaintiff's counsel a reasonable attorney's fee in the amount of twenty-five percent (25%) of the compensation awarded to plaintiff in paragraph 1 of this award. Said attorney's fee shall be computed based upon the total accrued compensation before any credit is taken by defendants. Because this fee has accrued, it shall be paid in a lump sum in the amount of $3,500.40. The award to the plaintiff of the remaining $10,501.20 shall be offset by the credit of $5,032.32, and the difference of $5,468.88 shall be paid to plaintiff. Defendants shall pay interest to plaintiff on $8,969.28 (the $5,468.88 remainder and the $3,500.40 that was paid as plaintiff's attorney fee) at the rate of 8 percent per year from April 26, 2002, until paid.
5. Defendants shall pay to plaintiff's counsel a reasonable attorney's fee in the amount of $1,500.00 pursuant to N.C. Gen. Stat. § 97-88. Such fee shall be taxed as costs to defendants and shall not be deducted from any other sums due plaintiff or plaintiff's counsel.
6. Defendants shall pay the costs due the Commission.
This 7th day of April 2004.
 S/_____________ THOMAS J. BOLCH COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
 S/_____________ PAMELA T. YOUNG COMMISSIONER